**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAMES REDBROOK,

Petitioner,

v. Case No. 8:26-cv-2677-JLB-GDP

SHERIFF, HILLSBOROUGH
COUNTY, FLORIDA,[1]

Respondent.
______________________________/

**ORDER**

Petitioner James Redbrook, a Florida pretrial detainee at the Hillsborough County Jail, initiated this action by filing a "Motion to/for Segragate (sic) aggregate" (Doc. 1). Because Mr. Redbrook seeks release from detainment or release on bond (*id.* at 1), the Court construes his motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Hughes v. Attorney Gen. of Florida*, 377 F.3d 1258, 1261 (11th Cir. 2004) (stating that pre-trial habeas challenge to state custody is properly brought under section 2241).

Mr. Redbrook fails to show entitlement to relief under section 2241.

---

[1] Although Mr. Redbrook identifies the "Middle District of Florida" as the Respondent in this action (Doc. 1 at 1), "[t]he federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over the petitioner.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (citing 28 U.S.C. § 2242 and § 2243) (internal brackets omitted)).

First, a petitioner seeking relief under section 2241 must present his claims to the state courts before seeking relief in federal court. *See Johnson v. Florida*, 32 F.4th 1092, 1095–96 (11th Cir. 2022) ("It is by now well-settled that district court may not grant a Section 2241 petition 'unless the petitioner has exhausted all available state remedies.'" (quoting *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985))). Mr. Redbrook neither alleges nor shows that he exhausted his state court remedies before seeking relief in this Court.

Second, under section 2241(c), "[t]he writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States ...." Mr. Redbrook's claims in support of his petition (*id.* at 1) are essentially incomprehensible and fail to show that he is in custody in violation of federal law.

Accordingly, it is **ORDERED** that:

1. The petition (Doc. 1) is **DISMISSED** without prejudice.

2. The **Clerk** is instructed to terminate any motions as moot and close this case.

3. Mr. Redbrook is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1).

Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Mr. Redbrook must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is premature and warrants no relief, Mr. Redbrook is entitled to neither a COA nor leave to appeal *in forma pauperis*. Thus, a COA is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Mr. Redbrook must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE and ORDERED** at Tampa, Florida, on September 25, 2026.

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE